UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br>     Plaintiff, <br> v. <br> CHAN-WOONG PARK, <br>     Defendant. | Case No. 16-cv-02366-BLF <br><br> **ORDER DENYING STAY OF DISCOVERY** <br><br> [Re: ECF 26] |

    Defendant Chan-Woon Park ("Park") filed a motion for a stay of discovery pending resolution of his motion to dismiss. Mot., ECF 26. Having considered the papers filed by both parties, the Court finds this matter suitable for resolution without oral argument, and the hearing scheduled for this motion is VACATED. For the reasons set forth below, Park's request for a stay of discovery is DENIED.

    Plaintiff Power Integrations, Inc. ("Power Integrations") is a corporation that supplies electronic components in high voltage power conversions systems and had previously employed Park. Compl. ¶¶ 5-6, ECF 1. On April 29, 2016, Power Integrations filed suit against Park, alleging that Park has breached his employee agreement with Power Integrations requiring him to turn over all right, title and interest to certain inventions. *See generally* Compl. Park filed a motion to dismiss on August 22, 2016, and subsequently filed the instant motion to stay discovery pending the outcome of the motion to dismiss. ECF 13, 26.

    "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that

effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-prong test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. 13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

Park seeks a stay of discovery because according to Park, his motion to dismiss is dispositive of the entire case and can be decided without discovery. Mot. 2, ECF 26. Specifically, Park contends that the Court has no personal jurisdiction as to the entire action and no subject matter jurisdiction as the third claim of the complaint. *Id.* at 3-4.

In opposition, Power Integrations argues that Park's motion is not necessarily dispositive. Opp. ECF 28.  To that end, Power Integrations disputes Park's arguments concerning subject matter and personal jurisdiction, noting its own contentions that diversity jurisdiction exists in this action between a domestic corporation and a foreign domicile, and that Park has engaged in conduct sufficient to support general and specific personal jurisdiction.  *Id.* at 6.  Power Integrations further notes that Park's argument regarding the relevance of Korean patent law is without merit.  *Id.* at 5.  It also requested leave to conduct jurisdictional discovery in its opposition to the motion to dismiss.  *Id.* at 9-10.  Thus, even if the court finds the current complaint allegations are deficient, Power Integrations argues that it will be permitted leave to undertake jurisdictional discovery and Park's arguments on personal jurisdiction will not resolve the case. *Id.* at 10.  Furthermore, Power Integrations claims that the discovery it seeks overlaps with any jurisdictional discovery it may engage because Park's interactions with its customers in California are relevant to the issue of personal jurisdiction.  *Id.*

Although the Court finds probable that the motion to dismiss could be decided without discovery, it is unclear whether Park's motion to dismiss will be dispositive of the entire case. Indeed, a "preliminary peek" at Park's motion to dismiss and Power Integrations' opposition reveals that issues of subject matter and personal jurisdiction are the subjects of reasonable dispute, such that it cannot be confidently said that Park will succeed in ending the action or that his arguments are entirely meritorious.  For example, Park cannot prevail on his argument that this Court lacks subject matter jurisdiction unless the Court agrees with his characterization that this case actually involves Korean patent law, despite the non-patent legal claims Power Integrations asserts.  Mot. to Dismiss 6-7, ECF 13; Opp. to Mot. to Dismiss 7, ECF 18.  Park does not, however, contest that diversity jurisdiction otherwise exists.  Similarly, the Court concurs with Power Integrations that a finding for Park on the issue of personal jurisdiction may not completely resolve this action because Power Integrations may still be entitled to jurisdictional discovery, some of which is already encompassed in the discovery it seeks.  Opp. at 10; *Lofton v. Bank of Am. Corp.*, No. 07-05892-SI, 2008 WL 2037606, at *2 (N.D. Cal. May 12, 2008) (finding that the defendants "do not meet the required 'strong showing' [for staying discovery] because plaintiff is

entitled to discovery on the merits that may inform his opposition to [defendants'] jurisdictional motion").

Finally, as to Park's argument for staying discovery until a decision is made regarding relating the present case to *Power Integrations, Inc. v. Chan-Woong Park*, 5:16-cv-02367 (N.D. Cal. filed Apr. 29, 2016), the argument is moot as the two case are now related. Mot. 5-6; Ord relating case, ECF 33.

For the reasons set forth above, Park's request for a stay of discovery is DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge