UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br> Plaintiff, <br> v. <br> CHAN-WOONG PARK, <br> Defendant. | Case No. 16-cv-02366-BLF (VKD) <br> Case No. 16-cv-02367-BLF (VKD) <br><br> **ORDER RE PROTECTIVE ORDER DISPUTE** <br><br> Re: Dkt. No. 62 |

Plaintiff Power Integrations, Inc. ("PI") and defendant Chan-Woong Park disagree regarding the terms of the protective order that should be entered in two related actions: *Power Integrations, Inc. v. Park*, Case. No. 16-cv-02366-BLF and *Power Integrations, Inc. v. Park*, Case No. 16-cv-02367-BLF. The parties filed a joint discovery letter describing their points of disagreement and attaching their respective proposed protective orders.

The Court finds this dispute suitable for resolution without a hearing.

## I. BACKGROUND

In these related cases, PI alleges that Mr. Park's employment agreement with PI required him to assign to the company all inventions he developed during and after his employment. PI claims that during and after his employment, Mr. Park used PI's proprietary information to file and obtain patents for himself in the United States and in South Korea and then used those patents and technology to interfere with PI's relationships with its customers. *See* Dkt. Nos. 61, 62.[1]

Citing Mr. Park's past alleged misuse of PI's proprietary information, PI advocates for a two-tier protective order based on this District's Model Protective Order for Litigation Involving

---

[1] Unless otherwise specified, all citations to the docket refer to Case No. 16-cv-02366-BLF.

1  Patents, Highly Sensitive Confidential Information and/or Trade Secrets, with additional proposed
2  restrictions. Mr. Park responds that, while PI's actions against him concern alleged misuse of
3  proprietary information, the discovery in these cases is unlikely to encompass sensitive
4  confidential information, and for that reason, a protective order based on this District's Model
5  Protective Order for Standard Litigation is sufficient. Each party has filed its respective, proposed
6  form of protective with the Court.

7  The Court addresses each point of disagreement below. The Court will enter a separate
8  protective order that reflects its resolution of each of the disputed points.

## II. PROTECTIVE ORDER PROVISIONS

### A. Restrictions on Mr. Park's Access to PI's Confidential Information

Both the Model Protective Order for Standard Litigation ("Standard Order") and the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Patent Order") contain provisions that protect "confidential" information from public disclosure or use. The key difference between the Standard Order and the Patent Order is that the latter also includes a provision that protects "highly confidential–attorneys' eyes only" information from disclosure to the receiving party itself, and restricts access to such information to the receiving party's outside counsel (as well as other specified entities). PI argues that such a provision is necessary and desirable because it expects to produce "proprietary information" in these cases that it does not wish Mr. Park to see. Mr. Park is skeptical that PI will produce any information that qualifies for such protection, and argues further that he will need to have access to the information PI does produce in order to prepare his defenses.

The parties are currently engaged in fact discovery with expert discovery to follow. It is not possible for the Court to know what the full scope of fact and expert discovery may be. As it appears there is at least a possibility that both parties may seek and produce information that meets the criteria for "highly confidential–attorneys' eyes only" information, the protective order should include provisions that address such information. Accordingly, the Patent Order, with its two-tier confidentiality protections, will serve as the basis for the protective order in these cases.

The parties are advised that the "highly confidential–attorneys' eyes only" designation is

United States District Court
Northern District of California

1  reserved for "extremely sensitive" confidential information, the disclosure of which to another party or non-party, "would create a substantial risk of serious harm that could not be avoided by less restrictive means." *See* Model Patent Order, sec. 2.7. Blanket designations and overly restrictive designations are improper and must be avoided. A party's failure to comply with the Court's orders, Civil Local Rules, and other applicable legal requirements regarding the designation of material as "confidential" or "highly confidential–attorneys' eyes only" may subject that party to sanctions. *See Humphreys v. Regents of the University of California*, Case No. C-04-03808 SI (EDL), 2006 WL 3020902 (N.D. Cal. Oct. 23, 2006); Model Patent Order, sec. 5.1.

In addition, if Mr. Park believes that PI's designation of particular information or particular categories of information as "highly confidential–attorneys' eyes only" prevents him from adequately preparing his defenses, that concern may be brought to the Court's attention by means of the discovery dispute resolution procedure set forth in the undersigned's Standing Order for Civil Cases.

### B. Prosecution Bar

PI's proposed protective order includes a "prosecution bar" that prohibits anyone who receives "confidential" or "highly confidential–attorneys' eyes only" information from being involved in "the prosecution of patents or patent applications relating to the field of power conversion and management" until two years after final termination of the actions. See Model Patent Order, sec. 8. PI says this bar is necessary protection against Mr. Park's activities. Mr. Park contends that such a broad prosecution bar is unnecessary, given the nature of the information likely to be produced in this case, and that it will interfere with his ability to retain qualified expert witnesses.

The prosecution bar proposed by PI is exceptionally broad. While such a bar might be appropriate in some cases, it is not justified here, particularly given the protection the "highly confidential–attorneys' eyes only" designation affords PI against access by Mr. Park to its sensitive technical information. Mr. Park's concerns with respect to the impact of a prosecution bar on his ability to retain expert witnesses are also well-taken.

3

The protective order will not include a prosecution bar. However, nothing in this order or in the protective order entered separately precludes a party from objecting on a case-by-case basis to a proposed expert witness whose prosecution-related activities pose an undue risk of misuse of a party's confidential technical information.

### C. Export Control

The Patent Order includes a model provision that references existing laws and regulations governing the export of technical data outside the United States. It imposes on a producing party the obligation to identify technical information subject to such export controls. PI says the protective order should include such a provision; Mr. Park contends that it is highly unlikely that export controls would apply to any material produced in these cases and the provision is therefore unnecessary.

As with the issue of confidentiality designations, it is not possible for the Court to know whether any material produced in discovery will be subject to export controls. It is at least possible that qualifying technical information will be produced, and one of the parties who may receive such production is outside of the United States. Accordingly, the Court agrees with PI that the protective order should include a provision placing the burden of identifying qualifying technical information on the producing party.

### D. Expert Witness Disclosure Procedure

PI asks for a modification to section 7.4 of the Patent Order that would require each party to advise the other in writing if it wishes to disclose information designated "confidential" under the protective order to an expert witness. Section 7.4 presently requires such advisement only with respect to the proposed disclosure of "highly confidential–attorneys' eyes only" information to an expert witness. Mr. Park does not specifically address this proposed modification. The Court will adopt PI's proposed modification.

### E. Expert Witness Criteria

The Patent Order includes a provision that defines an "Expert" as:

> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this

4

> action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

*See* Model Patent Order, sec. 2.6. Mr. Park objects that the second and third clauses of this provision unfairly limit his ability to retain experts, as many of them will be either past or current employees of PI or a competitor of PI. He proposes that these limiting clauses should encompass only an expert's current or anticipated employment by a party's competitor, so that the provision reads as follows:

> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party's competitor.

PI does not specifically address Mr. Park's proposed modification.

The Court accepts Mr. Park's representation (which PI does not dispute) that many potential experts will be current, past, or future employees of PI or its competitors, and that the broader restriction in the model provision may make it difficult for one or both parties to retain experts in the relevant field. To accommodate the competing interests addressed by this provision the Court will adopt a definition of "Expert" that includes a restriction encompassing current and anticipated employees of a party and a party's competitors (as in the model provision), but that does not include a restriction encompassing past employees of a party or a party's competitors. However, nothing in this order or in the protective order precludes a party from objecting on a case-by-case basis to a proposed expert witness whose past employment with a party or a party's competitor poses an undue risk of misuse of a party's confidential technical information.

### F. Use of Protected Material in Other Proceedings

Both parties propose revisions to the Standard Order or the Patent Order that address the use of protected material in other proceedings. PI advocates for an additional sentence that states that protected material may not be used in "other judicial, administrative, or patent proceedings in the United States or South Korea." Mr. Park does not object to this language but suggests that it should be modified to make clear that the parties may agree that protected material may be used in other proceedings if they wish. In addition, he suggests that the Court should permit protected

5

material produced in Case No. 16-cv-02366-BLF to be used in the related case, Case No. 16-cv-02367-BLF, and vice versa. PI does not specifically address Mr. Park's suggestions.

The Standard Order and the Patent Order already contain prohibitions on the use of protected material for purposes other than prosecution, defense or attempted settlement of the case at issue. However, as the parties appear to agree that some further elaboration of this point is warranted or at least not objectionable, and as PI has not objected to Mr. Park's suggested qualifications, the Court will adopt Mr. Park's proposed revisions summarized above. The Court will not adopt Mr. Park's additional suggestion that the permitted use of protected material extend to "any litigation arising out of or resulting from this litigation and the above related case."

### G. Judicial Intervention

PI proposes revisions to section 6.3 of the Patent Order that would require the party challenging a confidentiality designation to seek judicial intervention. Mr. Park objects to this revision.

The proposed revision is moot, as the Court requires disputes regarding discovery matters, including disputes concerning confidentiality designations, to be brought to the Court's attention pursuant to the discovery dispute resolution procedures in the undersigned Standing Order for Civil Cases. Those procedures require a joint submission by the parties.

### H. Other Provisions

#### 1. Designated House Counsel

The Patent Order includes model provisions that permit designated in-house counsel employed by a party to have access to the other party's protected material. PI says these provisions are unnecessary because Mr. Park is an individual and does not have "house counsel." PI does not say whether it has "house counsel." Mr. Park does not specifically address this proposed modification. The Court will adopt PI's proposed modification.

#### 2. Inadvertent Production

PI seeks revisions to section 12 of the Patent Order regarding inadvertent production of privileged documents or information, citing Mr. Park's "litigious nature and history of challenging PI on numerous fronts." Mr. Park objects to the proposed revisions. The Court is not persuaded

6

that any revision to the model provision is warranted.  The Court will not adopt PI's proposed modification.

### 3. Liquidated Damages and Attorneys' Fees

PI says that the protective order should include a liquidated damages provision and a provision for the recovery of attorneys' fees in the event a party violates the terms of the protective order.  This proposal overreaches.  The Court will not adopt PI's proposed provisions.

**IT IS SO ORDERED.**

Dated:   October 11, 2018



VIRGINIA K. DEMARCHI
United States Magistrate Judge