**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br> Plaintiff, <br> v. <br> CHAN-WOONG PARK, <br> Defendant. | Case No. 16-cv-02366-BLF <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE RELATED CASES** <br><br> [Re: ECF 61] |

Before the Court is Defendant Chan-Woong Park's ("Defendant" or "Park") Motion to Consolidate the instant action with an already-related case between the same parties. Motion, ECF 61. Plaintiff Power Integrations, Inc. ("Plaintiff" or "PI") opposes Park's Motion. Opp'n, ECF 63. The Court previously found Park's Motion suitable for submission without oral argument and vacated the associated hearing. *See* ECF 70. For the reasons stated below, the Court hereby GRANTS Park's Motion to Consolidate.

**I.   BACKGROUND**

PI alleges that Park violated an employee agreement by disclosing or using PI's proprietary information without consent, among other causes of actions. *See generally* Compl., ECF 1. PI is a Delaware corporation that supplies electronic components used in high voltage power conversion systems. *Id.* ¶ 5. Its headquarters and principal place of business are in San Jose, California. *Id.* ¶ 1. Park started to work for PI in 1997. Walker Decl. ¶ 4, ECF 18-1. On November 9, 2000, Park signed an agreement to work at PI's headquarters in San Jose, California, as a Senior Applications Engineer. *Id.* ¶ 5. On March 29, 2001, Park signed an Employee Agreement Regarding Confidentiality and Inventions ("Inventions Agreement," or "IA") in San Jose, California, requiring Park to maintain and not use any information related to conception,

design, development or support of PI's products ("Proprietary Information"). *Id.* ¶ 6; Compl. ¶ 7; Ex. A to Walker Decl. ("IA"), ECF 18-2. The IA also required Park to assign to PI the "entire right, title, and interest" to inventions jointly or solely conceived. Compl. ¶ 9; IA ¶ 3. The IA further states that the agreement "will be construed in accordance with and governed by, the laws of the State of California as applied to transactions taking place wholly within California between California residents." IA ¶ 13. Park moved to South Korea in 2003 but continued to work for PI as an engineer. Walker Decl. ¶ 7. His employment with PI ended in 2008. Compl. ¶ 11.

PI alleges that it has learned that Park is using its Proprietary Information to file and obtain patents in the United States and in South Korea and that Park is interfering with its business relationships. Compl. ¶¶ 12–13. PI thus brings this suit alleging that Park has breached the Inventions Agreement, that Park has wrongfully converted its property and that PI is the rightful owner of U.S. Patent No. 7,123,121. *Id.* ¶¶ 18–27. PI also seeks a declaratory judgment determining that the information Park used in the Korean Patent filings, including Korean Patents Nos. 1436958 and 1588481, is PI's Proprietary Information. *Id.* ¶¶ 29–30. PI further seeks a judicial declaration that Korean Patents Nos. 1436958 and 1588481 are owned by PI. *Id.* ¶ 31.

The Court previously related the instant action with *Power Integrations, Inc. v. Chang-Woong Park*, Case No. 16-cv-02367-BLF ("*Park II*"), under Civil Local Rule 3-12, which provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Order Relating Cases, ECF 33. *Park II* concerns the same parties and is based on the same underlying facts and dispute. *See generally Park II* Compl., ECF 1 in Case No. 16-cv-02367. In *Park II*, PI alleges that Park's unlawful use of "Power Integrations' Propriety Information" violates California Business and Professions Code § 17200 and constitutes trade libel and intentional and negligent interference with PI's contractual relations and prospective economic relations. *Id.* ¶¶ 16, 18–51.

Park now moves to consolidate the instant action with *Park II*. Motion, ECF 61.

## II. LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (quoting *Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

## III. DISCUSSION

Park argues that the instant action and *Park II* should be consolidated for all purposes pursuant to Rule 42(a) because these two related cases "involv[e] the same parties and same core factual allegations [and] currently share the same trial date." Motion at 1, 3, ECF 61. PI contends that "the cases involve separate subject matter, entirely different legal theories and law, different witnesses, [and] different time frames." Opp'n at 1, ECF 63. PI admits the two cases involve exactly the same parties but argues that the issues concerning Park's alleged interference with PI customer relationships in *Park II* "are independent of whether [Park] asserts that the technology was his alone to patent, which is at issue [in the instant action]." *Id.* For the reasons discussed below, the Court agrees with Park and hereby GRANTS Park's Motion to Consolidate.

The Court finds that these two cases involve several common questions of law and fact. In both cases, the parties are identical. Plaintiff PI asserts several causes of action against Defendant Park. While the instant action (Case No. 16-cv-02366) focuses on breach of contract and conversion; and *Park II* (Case No. 16-cv-02367) focuses on tortious interference with contractual relations and prospective economic relations, among other claims, both cases are based on conduct that arose out of a prior employer-employee relationship between the parties. For example, allegations that Park breached the employee agreement by disclosing or using PI's proprietary information support the causes of action in both cases. *See, e.g.*, Compl. ¶¶ 7–9, 13, ECF 1; Compl. ¶¶ 7–8, ECF 1 in Case No. 16-cv-02367. As another example, PI alleges in the instant

United States District Court
Northern District of California

action that Park wrongfully obtained patents based on PI's proprietary information, *see* Compl. ¶¶ 12–16, ECF 1; in *Park II*, PI alleges that Park used those patents to interfere with PI's customer relationships, *see* Compl. ¶¶ 9–22, ECF 1 in Case No. 16-cv-02367. Thus, in both cases PI must prove that Park's technology was not his alone. The Court need find only one issue of law or fact in common to permit consolidation. *See* Fed. R. Civ. P. 42(a); *see also Dusky v. Bellasaire Investments*, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007). Here, there are several.

The Court also finds that consolidation would minimize the risk of delay and the burden on parties, witnesses, and available judicial resources. Given the substantial overlap in parties and underlying facts, the Court finds that the risks of confusion and prejudice are minimal. PI argues that "the parties are well into discovery in both cases" and "[c]onsolidation will not reduce the amount of total discovery in this case." Opp'n at 7. PI's argument is misplaced. Even if the total volume of independent discovery does not change, consolidation significantly reduces the likelihood of duplicative discovery and eliminates the burden on witnesses to appear in two separate cases, the parties to put on duplicative evidence in two separate cases, and for the Court to consider duplicative disputes in two separate cases. Moreover, the risk of delay is minimal because the instant action (Case No. 16-cv-02366) and *Park II* (Case No. 16-cv-02367) already share the same trial dates and the same deadline for the Court to hear dispositive motions.

In addition, PI contends that consolidation will invite "undue prejudice" because the "large body of evidence that would encompass [the two cases] will confuse even the savviest of juries." *See* Opp'n at 8. PI also argues that "[e]ven if the Court consolidates [the two cases] for purposes of discovery, the cases should be tried separately[] [u]nder Rule 42(b)" because the issues "will inevitably confuse a jury." *Id.* The Court disagrees on both points. It is common for juries in this district to hear complex patent cases involving numerous claims and multiple patents; consolidation here will result in a single case no more complex. Indeed, patent cases themselves—each complex—are at times consolidated into one action. *See, e.g.*, *Paxonet Communications, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (granting consolidation of two cases involving some common patents).

In sum, the Court finds that consolidation is warranted here.

4

## IV. CONCLUSION

For the foregoing reasons, Defendant Park's Motion to Consolidate at ECF 61 is GRANTED.  Accordingly, the Court **CONSOLIDATES** Case No. 16-cv-02366 and Case No. 16-cv-02367 for all purposes, including trial and dispositive motions.  For administrative purposes, the docket in Case No. 16-cv-02367, the later-filed case, shall be closed.  However, Plaintiff need not file an amended complaint; the Court shall construe the Complaint in each case together as the governing Complaint in the consolidated action.  In accordance with the Court's Standing Order, the Court **ORDERS** that Plaintiff and Defendant may each file only one motion for summary judgment in this consolidated action and motions in limine will be limited to five per side.

**IT IS SO ORDERED.**

Dated:  January 7, 2019

BETH LABSON FREEMAN
United States District Judge