UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHAN-WOONG PARK,<br><br>Defendant. | Case No. 16-cv-02366-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MODIFY THE SCHEDULING ORDER**<br><br>[Re: ECF 78] |

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint and Modify the Scheduling Order ("Motion"). Motion, ECF 78. Defendant opposes the Motion. ECF 89. The Court finds this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' submissions and for the reasons stated below, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's Motion.

Plaintiff requests leave to file an amended complaint adding a cause of action for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), and additional time to conduct discovery on this claim. *See* Motion at 1. Where, as here, "a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure 16's 'good cause' standard." *DRK Photo v. McGraw Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). The Court is satisfied that Plaintiff has shown good cause for amendment under Rule 16. The January 2019 discovery and document production informed Plaintiff of a potential claim for misappropriation of its trade secrets. *See* Motion at 5; Mihalkanin Decl. ¶¶ 8–9, ECF 79-3.

However, the Court has reviewed Plaintiff's proposed amended complaint (*see* Ex. A to Motion, ECF 78-1) and finds it so deficient in pleading a DTSA claim that filing shall not be

permitted in the present form. A claim under DTSA requires Plaintiff to show that the information at issue is a "trade secret" and that Defendant "misappropriated" the information. *See Comet Technologies v. Beuerman*, 2018 WL 1990226, at *3 (N.D. Cal. Mar. 15, 2018). Plaintiff's proposed amended complaint does not sufficiently articulate what trade secret or trade secrets exist and were allegedly misappropriated. *See generally* Ex. A to Motion ¶¶ 36–52. The Court is simply unable to ascertain the scope of the allegation, much less the distinct trade secret(s) Defendant allegedly misappropriated. *See id.* ¶¶ 45–48. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff's conclusory statements do not enable the Court to ascertain what measures Plaintiff has taken to keep the information "secret" or confidential or what economic value is derived from such secrecy. *See* 18 U.S.C. § 1839(3).

Moreover, DTSA was enacted on May 11, 2016, and is not fully retroactive. *See Genentech, Inc. v. JHL Biotech, Inc.*, 2019 WL 1045911, at *8 (N.D. Cal. Mar. 5, 2019). "DTSA applies to misappropriations that began prior to the DTSA's enactment if the misappropriation continues to occur after the enactment date, **so long as the defendant took some relevant act** after that date." *See id.* at *9 (internal quotations and citation omitted) (emphasis added). Here, Plaintiff fails to allege any such "relevant act" by Defendant after May 11, 2016. *See generally* Ex. A to Motion ¶¶ 36–52.

The Court notes that its discussion of deficiencies of the proposed amended complaint is not necessarily comprehensive. For the foregoing reasons, Plaintiff's Motion is hereby DENIED WIHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: April 8, 2019

_____
BETH LABSON FREEMAN
United States District Judge