UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br>　　　　Plaintiff,<br>　v.<br>CHAN-WOONG PARK,<br>　　　　Defendant. | Case No. 16-cv-02366-BLF   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 93, 94 |

On April 1, 2019, defendant Chan-Woong Park filed an administrative motion seeking permission to file unilateral discovery letters concerning several discovery disputes with Power Integrations, Inc. ("PI"). Dkt. No. 90. The Court denied the administrative motion on April 2, 2019 and ordered the parties to file a joint discovery submission in compliance with the Court's Standing Order for Civil Cases by April 3, 2019. Dkt. No. 91. The parties did not file a joint submission. Instead, on April 3, 2019, PI moved for reconsideration of the Court's order, arguing that the Court should not consider the discovery disputes raised by Mr. Park. Dkt. No. 93. On April 4, 2019, Mr. Park filed a second administrative motion again seeking permission to file unilateral discovery letters, citing PI's failure to participate in the joint discovery dispute submission procedures. Dkt. No. 94. That same day, the Court ordered the parties to appear for a discovery conference on April 8, 2019. Dkt. No. 95.

The Court held a hearing on April 8, 2019 in which the parties described the discovery disputes between them and the Court heard oral argument. At the Court's direction, the parties conducted a conference of counsel as to those disputes, after which the hearing resumed.

**I.　DISCOVERY DISPUTES RESOLVED BY THE PARTIES**

As stated by the parties on the record in Court, the parties have resolved a number of their

1 disputes by agreement. With the exception of the parties' agreed revised schedule for the
2 exchange of expert reports and the completion of expert discovery, the Court hereby orders the
3 parties to comply with the stipulations so stated on the record. The parties may seek an
4 amendment of the case management schedule from the presiding judge with respect to revisions to
5 the expert discovery schedule.

6 While the parties' stipulations reflect resolutions of discovery disputes brought before the
7 Court in advance of the April 8, 2019 deadline for filing motions to compel, each party wishes to
8 reserve the right to contend that evidence produced after the April 1, 2019 fact discovery deadline
9 by the other party may not be used in this proceeding. As the Court has advised the parties,
10 questions of exclusion of evidence will be matters for decision by the presiding judge. Nothing in
11 this order purports to resolve such matters.

## II. DISCOVERY DISPUTES REQUIRING RESOLUTION BY THE COURT

### A. PI Backup Tapes 1997-2008

14 PI advises that it has recently located 1,440 backup tapes spanning a portion of the period
15 of Mr. Park's employment with PI. PI estimates that it would require approximately 4-6 weeks
16 and more than $175,000 just to retrieve and restore the backup tape data. Dkt. No. 93-1 ¶¶ 27-28.
17 PI does not explain why it only recently discovered these backup tapes.

18 Initially, Mr. Park demanded that PI review the backup tapes and produce any responsive
19 documents they contain, at PI's expense. PI argued that information maintained on backup tapes
20 is not reasonably accessible, and its production is not normally required. PI further argued that
21 Mr. Park should bear the expense of any such production.

22 Mr. Park now advises the Court that he does not demand production of responsive
23 information, if any, from PI's backup tapes. Mr. Park contends that because PI failed to timely
24 review and produce such material during the discovery period, PI should not be permitted to use
25 that material to support its case. Accordingly, the Court will not order the review and production
26 of responsive documents from the backup tapes; any questions about whether PI may use evidence
27 from the backup tapes (should it decide to review them) are questions that may be raised with the
28 presiding judge at the appropriate time.

### B. Mr. Park's Second Set of Requests for Admissions to PI

PI's responses to Mr. Park's Second Set of Requests for Admissions were due to be served on March 27, 2019. PI did not timely serve responses, but asked Mr. Park to stipulate to an extension of the response deadline to April 3, 2019. Mr. Park refused to stipulate to an extension of the deadline, citing the April 1 deadline for close of fact discovery. Dkt. No. 93 at ECF p. 8; Dkt. No. 93-1 ¶ 20; Dkt. No. 90-4 at ECF p. 2. At the hearing on April 8, 2019, PI advised that it still had not responded to PI's requests for admissions.

PI has not offered any reasonable justification for its failure to timely respond to Mr. Park's requests for admissions or to seek relief from the Court in advance of the deadline to respond. And, as of the hearing, PI still had not responded to any the requests. Mr. Park is correct that a matter is automatically deemed admitted unless a responding party serves written responses denying the request, in whole or in part, qualifying its answer, or objecting to the request. Fed. R. Civ. P. 36(a)(3)-(5). As PI did not answer or object to Mr. Park's second set of requests for admissions, or seek relief from the Court, within 30 days of service of the requests, the matters in those requests are deemed admitted.

**IT IS SO ORDERED.**

Dated: April 9, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge